Bus Depot Holding Corporation et al., Respondents, *v.* Lewis J. Valentine, as Police Commissioner of the City of New York, Appellant.

Argued March 10, 1942; decided April 23, 1942.

*William C. Chanler, Corporation Counsel* (*Herman Horowitz* and *Murray Sendler* of counsel), for appellant. The police com-

missioner is vested with full and complete power to promulgate traffic regulations excluding stated classes of unfranchised buses from designated streets. (New York City Charter, § 435, effective January 1, 1938; *Cherubino* v. *Meenan*, 253 N. Y. 462; *People* v. *Rubin*, 284 N. Y. 392; *Tamburrino* v. *Sterrick Delivery Corp.*, 241 App. Div. 221; *People ex rel. Cavanagh* v. *Waldo*, 72 Misc. Rep. 416; 149 App. Div. 927; 205 N. Y. 589; *Commissioners of Palisades Interstate Park* v. *Lent*, 240 N. Y. 1; *Carr* v. *City of New York*, 281 N. Y. 469; *Commonwealth* v. *Stodder*, 2 Cush. [Mass.] 562; *Peoples Rapid Transit Co.* v. *Atlantic City*, 105 N. J. L. 286; 106 N. J. L. 587; *Red Star Motor Drivers' Assn.* v. *Detroit*, 234 Mich. 398; *City of New York* v. *Rice*, 198 N. Y. 124; *People ex rel. Silver* v. *Riegelmann*, 187 App. Div. 897; *Matter of Edwards* v. *Murdock*, 283 N. Y. 529; *Matter of Small* v. *Moss*, 279 N. Y. 288.) The use of particular streets for profit by interstate buses being merely permissive, it may be curtailed without impairing the rights of the bus operators, and, *a fortiori*, without impairing the rights of the bus terminal business on abutting real estate. (*Stephenson* v. *Binford*, 287 U. S. 251; *Matter of Village of Bronxville* v. *Maltbie*, 284 N. Y. 206; *Carr* v. *City of New York*, 281 N. Y. 469; *Jones Beach Boulevard Estate, Inc.*, v. *Moses*, 268 N. Y. 362; *Perlmutter* v. *Greene*, 259 N. Y. 327; *Sauer* v. *City of New York*, 206 U. S. 536; *Van Aken* v. *State of New York*, 261 N. Y. 360; *Calumet Federal Savings & Loan Assn.* v. *City of Chicago*, 306 Ill. App. 524; *King* v. *Stark County*, 66 N. D. 467; *People* v. *Rubin*, 284 N. Y. 392; *Allen & Reed, Inc.*, v. *Presbrey*, 50 R. I. 53; *City of Buffalo* v. *D., L. & W. R. R. Co.*, 190 N. Y. 84.) The trial court exceeded its judicial function to test whether the regulations were arbitrary and capricious; instead it annulled provisions which did not affect any plaintiff, excluded from evidence the bases of the police commissioner's determination and substituted its own discretion for that of the commissioner. (*Jones Beach Blvd. Estate, Inc.*, v. *Moses*, 268 N. Y. 362; *Campbell* v. *City of New York*, 244 N. Y. 317; *Federal Communications Commission* v. *Pottsville Broadcasting Co.*, 309 U. S. 134; *American Tel. & Tel. Co.* v. *United States*, 299 U. S. 232; *Headley* v. *City of Rochester*, 272 N. Y. 197; *California* v. *San Pablo & Tulare R. R. Co.*, 149 U. S. 308; *Lehon* v. *City of Atlanta*, 242 U. S. 53; *People ex rel. Allied Owners Corp.* v. *Sexton*,

257 App. Div. 215; 281 N. Y. 853; *People ex rel. Behrer-Nason Co.* v. *Miller*, 254 App. Div. 696.) The regulations violate no provision of the Federal or State Constitutions. (*People* v. *Rubin*, 284 N. Y. 392; *South Carolina State Highway Dept.* v. *Barnwell Bros.*, 303 U. S. 177; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Railroad Commission*, 283 U. S. 380; *Philadelphia-Detroit Lines, Inc.*, v. *Simpson*, 37 Fed. Supp. 314; 312 U. S. 655; *Maurer* v. *Hamilton*, 309 U. S. 598; *Euclid* v. *Ambler Co.*, 272 U. S. 365; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Cusack Co.* v. *Chicago*, 242 U. S. 526; *Packard* v. *Banton*, 264 U. S. 140.)

*Abraham Rickman* for Bus Depot Holding Corporation, respondent. The defendant had no power to promulgate the regulations, the enforcement of which has been enjoined. (*Peace* v. *McAdoo*, 46 Misc. Rep. 295; 110 App. Div. 13; *Cherubino* v. *Meenan*, 253 N. Y. 462; *Weiner* v. *Valentine*, 17 N. Y. Supp. [2d] 355; *Eighth Ave. Coach Corp.* v. *City of New York*, 170 Misc. Rep. 243; 259 App. Div. 870; *Matter of Smith* v. *Morgan*, 253 App. Div. 239; *Matter of Small* v. *Moss*, 279 N. Y. 288; *Matter of Goelet* v. *Moss*, 248 App. Div. 499; 273 N. Y. 503.) The regulations which have been enjoined violate the Fourteenth Amendment of the United States Constitution and sections 6 and 7 of article 1 of the Constitution of the State of New York. (*Matter of Edwards* v. *Murdock*, 283 N. Y. 529; *Eighth Avenue Coach Corp.* v. *City of New York*, 170 Misc. Rep. 243; 259 App. Div. 870.) By the regulations which have been enjoined, the defendant denied to the plaintiffs that equal protection of the laws guaranteed to them by the Fourteenth Amendment to the Federal Constitution and section 11 of article 1 of the Constitution of the State of New York. (*People* v. *Cohen*, 272 N. Y. 319; *People* v. *Kuc*, 272 N. Y. 72; *Liggett* v. *Baldridge*, 278 U. S. 105.) The regulations which have been enjoined impose a direct and unconstitutional burden upon interstate commerce. (*Adams Express Co.* v. *City of New York*, 232 U. S. 14; *People* v. *Horton Motor Lines*, 281 N. Y. 196.)

*Bernard Sobol* for Pennsylvania Greyhound Lines, Inc., et al., respondents. The courts below properly applied the test of unreasonableness in ascertaining the invalidity of the police regulations. Since the record contains evidence to support the findings

of facts, which have been affirmed by the Appellate Division, the judgment declaring them invalid must be affirmed. (*Glaser* v. *Glaser*, 276 N. Y. 296; *Bernstein* v. *Kritzer*, 254 N. Y. 410; *York Mortgage Corp.* v. *Clotar Const. Corp.*, 254 N. Y. 128; *Cherubino* v. *Meenan*, 253 N. Y. 462; *Matter of Village of Bronxville* v. *Maltbie*, 284 N. Y. 206; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Commissioners of Palisades Interstate Park* v. *Lent*, 240 N. Y. 1; *Jones Beach Blvd. Estate, Inc.*, v. *Moses*, 268 N. Y. 362; *Weiner* v. *Valentine*, 17 N. Y. Supp. [2d] 355; 260 App. Div. 999.) The courts below correctly held that the police commissioner has no power under section 435 of the New York City Charter or otherwise, to promulgate regulations prohibiting buses from substantial areas in the borough of Manhattan. (*Beekman* v. *Third Avenue R. R. Co.*, 153 N. Y. 144; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *People ex rel. Simon* v. *Bradley*, 207 N. Y. 592; *Peace* v. *McAdoo*, 46 Misc. Rep. 295; 110 App. Div. 13; *Eighth Ave. Coach Corp.* v. *City of New York*, 286 N. Y. 84; *People* v. *Weisberger*, 282 N. Y. 1; *Matter of Lyons* v. *Prince*, 281 N. Y. 557; *Green Point Sav. Bank* v. *Board of Zoning Appeals*, 281 N. Y. 534; 309 U. S. 633; *Matter of Small* v. *Moss*, 279 N. Y. 288; *Matter of Goelet* v. *Moss*, 248 App. Div. 499; 273 N. Y. 503.) The courts below correctly held that the police regulations in suit violate both the Federal and State Constitutions. (*Sprout* v. *City of South Bend*, 277 U. S. 163; *Adams Express Co.* v. *City of New York*, 232 U. S. 14; *People* v. *Horton Motor Lines*, 281 N. Y. 196; *O' Kane* v. *State of New York*, 283 N. Y. 439; *Matter of Edwards* v. *Murdock*, 283 N. Y. 529; *Eighth Ave. Coach Corp.* v. *City of New York*, 286 N. Y. 84; *City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222; *People* v. *Calvar Corp.*, 286 N. Y. 419; *Truax* v. *Corrigan*, 257 U. S. 312; *Kentucky Finance Corp.* v. *Paramount Auto Exchange Corp.*, 262 U. S. 544; *People* v. *Cohen*, 272 N. Y. 319; *Darweger* v. *Staats*, 267 N. Y. 290; *Matter of Seignious* v. *Rice*, 273 N. Y. 44.)

*Charles R. Barrett, John N. Regan* and *Edward G. Bathon* for Bowery Savings Bank et al., respondents. The Charter of the City of New York confers no power upon the defendant to prohibit traffic. (*Peace* v. *McAdoo*, 110 App. Div. 13; *Matter of Seignious* v. *Rice*, 273 N. Y. 44; *Matter of Small* v. *Moss*, 279 N. Y. 288; *Matter*

*of Lyons* v. *Prince,* 281 N. Y. 557.) Enforcement of the regulations would nullify plaintiffs' certificates of occupancy and vested property rights without due process of law. (*Drennan* v. *Smith Valley Realty Corp.,* 211 App. Div. 796; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222.) The regulations deny to the plaintiffs the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States and by section 11 of article 1 of the Constitution of the State of New York. (*Southern R. Co.* v. *Greene,* 216 U. S. 400; *Smith* v. *Cahoon,* 283 U. S. 553; *People* v. *Cohen,* 272 N. Y. 319; *People* v. *Kuc,* 272 N. Y. 72.)

*William I. Hart* and *John F. Elsaesser* for Dry Dock Savings Institution, respondent. Reliance upon a duly issued certificate of occupancy creates a vested property right of which this plaintiff must not be deprived except by due process of law. (*City of Buffalo* v. *Chadeayne,* 134 N. Y. 163; *New York State Investing Co.* v. *Brady,* 214 App. Div. 592; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187; *Rice* v. *Van Vranken,* 225 App. Div. 179; 255 N. Y. 541; *Matter of Edwards* v. *Murdock,* 283 N. Y. 529; *Eighth Avenue Coach Corp.* v. *City of New York,* 286 N. Y. 84.) The regulations are not traffic regulations, but are zoning regulations as to which the police commissioner has no power whatsoever. (*Matter of Goelet* v. *Moss,* 248 App. Div. 499; 273 N. Y. 503; *New York State Investing Co.* v. *Brady,* 214 App. Div. 592; *City of Buffalo* v. *Chadeayne,* 134 N. Y. 163; *Best & Co.* v. *Village of Garden City,* 247 App. Div. 893; 273 N. Y. 564; *People ex rel. Lodes* v. *Dept. of Health,* 189 N. Y. 187; *Town of Harrison* v. *Sunny Ridge Builders, Inc.,* 170 Misc. Rep. 161.) The regulations constitute an unreasonable, arbitrary and capricious exercise of the police power by the defendant. (*Cherubino* v. *Meenan,* 253 N. Y. 462; *Peace* v. *McAdoo,* 110 App. Div. 13; *Eighth Avenue Coach Corp.* v. *City of New York,* 286 N. Y. 84; *Matter of Small* v. *Moss,* 279 N. Y. 288; *Matter of Seignious* v. *Rice,* 273 N. Y. 44; *Matter of Picone* v. *Commissioner of Licenses,* 241 N. Y. 157; *Matter of Smith* v. *Morgan,* 253 App. Div. 239.)

*David T. Wilentz, Attorney-General* (*John F. Bruther* of counsel), for State of New Jersey, *amicus curiæ.*

LEHMAN, Ch. J.   Congestion of the arteries of travel in some districts of the city of New York creates serious traffic problems. The only provision in the New York City Charter (effective Jan. 1, 1938) in which the Legislature has, in express terms, delegated to any officer or board specific authority to adopt regulations or ordinances calculated to relieve this serious condition and to solve the difficult problem is contained in section 435.   That section provides in part: " The police department and force shall have the power and it shall be their duty to   *   *   *   regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health   *   *   *.   The commissioner shall make such rules and regulations for the conduct of pedestrian and vehicular traffic in the use of the public streets, squares and avenues as he may deem necessary   *   *   *.   The violation of such rules and regulations shall be triable by a city magistrate and punishable by not more than thirty days' imprisonment, or by a fine of not more than fifty dollars, or both."

The traffic congestion is caused by vehicles of every kind which use the streets in the crowded parts of the city.   Private passenger automobiles, public taxicabs, trucks and delivery wagons, passenger buses operating under a franchise and passenger buses engaged in interstate commerce and operating without a franchise, horse-drawn vehicles and automotive vehicles, vehicles used for pleasure and vehicles used for gain — all use the streets of the city and contribute to the congestion.   In attempted exercise of the powers conferred upon him by the Charter the Police Commissioner has, from time to time, made rules and regulations for the conduct of traffic which have been confined to one class of vehicles or another. Some regulations have applied only to buses operated in interstate commerce and in these regulations the Commissioner has at times differentiated between " long haul " and " short haul " buses. By these regulations the operation of buses engaged in interstate commerce has been confined to certain specified streets in Manhattan.   " Long haul " buses have not been permitted to make " street stops " in order to pick up or to discharge passengers. Such buses must use terminals on private property and there take on and discharge passengers.   These regulations have not

heretofore been challenged by owners of property or by operators of buses. Even now the authority of the Police Commissioner to make such regulations is not seriously challenged, and perhaps could not be successfully challenged.

In June, 1940, the Police Commissioner, in attempted exercise of the power conferred upon him by the Charter, adopted a new traffic ordinance or code of regulations superseding the older regulations and containing new provisions under which buses operating in interstate commerce are entirely excluded from specified areas in the borough of Manhattan, including the " mid-town section," approximately five miles in length and more than a mile in width, in which the best-known shops and theatres and many of the largest office buildings, apartment houses, railroad stations, museums, educational establishments and other important private and public buildings, are situated. Under that traffic code private property within that district improved for use as bus terminals could not be used for that purpose. Promptly the owners and mortgagees of these terminals and a system of " interstate buses " which leases a terminal there brought actions to enjoin the Police Commissioner from enforcing the provisions of the new ordinance or regulation, and for an adjudication that they are void. The actions so brought have been consolidated.

After a long trial, judgment was rendered declaring that some provisions " are not rules and regulations which regulate, direct, control, or restrict the movement of vehicular traffic for the facilitation of traffic or the convenience of the public or the proper protection of human life and health within the meaning of Section 435 of the New York City Charter." In addition the judgment declares that these same provisions are " unconstitutional, illegal, invalid and void " on various other grounds. Some of the provisions which have been declared illegal and void were, at least in substance, included in the superseded traffic regulations which the operators of interstate buses obeyed without challenge and which do not prejudice the owners of the bus terminals. As we have said, these provisions are not seriously challenged even now and the court should not in this action have passed upon their validity. Upon this appeal we are concerned only with the provisions which exclude interstate buses from the midtown section and prohibit the use by

such buses of terminals in those districts and with an incidental regulation requiring the operators of such buses to furnish reports to the Police Commissioner.

Though both sides presented much evidence relevant if at all only upon the question of whether the provisions of the traffic code are reasonably calculated to relieve traffic conditions and whether the resulting restrictions upon interstate commerce and upon the use of property violate provisions of the Constitution of the State of New York and the Constitution of the United States, yet no question of whether these provisions are reasonable or whether they violate provisions of the Constitution can arise unless a regulation which denies to interstate buses access to the streets of a large congested section and prevents the use of property there for a terminal is a regulation " for the conduct of * * . * vehicular traffic " and calculated to " regulate, direct, control and restrict the movement of vehicular * * * traffic " within the meaning of section 435 of the Charter. Unless it is such a regulation no authority to make it has been conferred upon the Police Commissioner and it is void even though it may not be unreasonable. If, on the other hand, the power delegated to the Police Commissioner to make rules and regulations for the conduct of vehicular traffic is so broad that it authorizes the Police Commissioner in the exercise of discretion to determine that access to a congested district may be denied to specified classes of vehicles which are operated for gain, then many of the arguments that the regulations are unreasonable would have little weight. Ordinances which are in some respects analogous, though perhaps none have been so drastic, have been generally sustained in other jurisdictions. " The courts may not invade the field of discretion conferred by law upon an administrative officer." (*Matter of Small* v. *Moss*, 279 N. Y. 288, 298.) Nor may the courts lightly set aside as an invasion of rights guaranteed by our constitutions, statutes, ordinances and regulations which for the common welfare place restrictions upon business activities and the use of property or which limit the right of access from such property to the street on which it abuts.

It is clear that the words " conduct of vehicular traffic " in the charter refer to the *movement* of vehicles upon the city streets.

The power to regulate and restrict the movement of traffic which has been conferred by the Charter upon the Police Commissioner may properly be given a broad construction in order to carry out the manifest intention of the Legislature to confer upon the Commissioner a power which can be effectively used for the public welfare. So in *People* v. *Rubin* (284 N. Y. 392) this court held that to regulate the movement of traffic includes the power to regulate the temporary stopping of the movement of vehicles and " parking " upon the street. Here, however, the Police Commissioner has gone further. To " regulate " traffic within a large congested district he has completely denied to one class of vehicles access to the district. He has not merely said that they must move from the point where they enter the city to their destination along those streets upon which they will, in the opinion of the Police Commissioner, cause least impediment to the movement of other vehicles, but he has denied them the right to pass even along streets which he might select to their terminals upon private property which comply with every requirement attached by law to the use of property as a bus terminal. Doubtless the exclusion of some vehicles from the streets of a district will tend to relieve congestion there, and to facilitate the movement of the other vehicles permitted to use the street, but in our opinion, no reasonable construction of section 435, however broad, would justify the inclusion in the power to regulate traffic of an incidental power to exclude completely from a large and important district of the city the movement of buses used for the carriage of passengers in interstate commerce and thereby deny to such buses the right to use, as a terminal, private property within that district.

We do not upon this appeal consider whether legislative power has been delegated to the Council which would enable it to adopt ordinances which would relieve the congestion in the streets of New York city by excluding some vehicles from designated districts. We accept, without examination, the contention of the city that unless we conclude that under section 435 the Police Commissioner has power to make the challenged regulations, the city will be denied power to cope effectively with the traffic problem. Arguments based upon such contentions must be addressed to the Legislature. The courts may give to a statute a broad construction required to

effectuate the legislative intent. The courts may not, by forced construction of a statute, confer upon an officer of the city a power denied to him by the Legislature.

The regulation promulgated by the Police Commissioner is void so far as it transcends the authority vested in him. We cannot now pass upon the question whether a similar regulation or ordinance passed by an officer or body to whom adequate power has been delegated and in whom discretion has been confided by the Legislature would be valid. The judgment of the Appellate Division and of Special Term should be modified by striking therefrom paragraphs numbered 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 and those parts of the remaining paragraphs which adjudicate that any provisions of the traffic regulations are void and that an injunction should issue restraining the Police Commissioner from enforcing them, except those which prohibit operation of " long haul " buses along streets and avenues designated for that purpose by the Police Commissioner within the " mid-town district " to the " off-street " terminals in that district used by them, and as modified affirmed, with one bill of costs to the respondents.

The judgments should be modified in accordance with this opinion and as so modified affirmed, with one bill of costs to the respondents.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.