ARROW CARRIER CORPORATION et al., Plaintiffs, v. TRAFFIC COMMISSION OF THE CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, June 13, 1950.

*Harris J. Klein* for plaintiffs.

*John P. McGrath, Corporation Counsel (W. Bernard Richland, Bernard Friedlander* and *George A. Weiler* of counsel), for defendants.

McNALLY, J. The plaintiffs seek an injunction *pendente lite* restraining the defendants from taking any step to place into effect and to enforce the traffic regulation dated March 31, 1950, known as section 191 of article 15 of the Traffic Regulations of the City of New York. The defendants countermove for dismissal of the complaint on the ground of legal insufficiency.

The department of traffic was created by Local Law No. 27 for the year 1950. In accordance with said local law the commissioner of traffic of the city of New York, the head of said department, promulgated the said regulation, which is as follows:

" Amendment to Traffic Regulations

" BY VIRTUE OF THE AUTHORITY VESTED in it by law, the Traffic Commission of The City of New York hereby promulgates, effective May 1, 1950, the following traffic regulation to be known as Section 191 of Article 15, to read as follows:

" Notwithstanding the provisions of Sections 190 and 197 of these regulations, no driver of a vehicle, or combination of

vehicles, for the transportation of merchandise, having an over-all length of thirty-three (33) feet or more, including load and bumpers, shall operate, enter, traverse, stop, stand, or park any such vehicle or combination of vehicles upon any of the streets included in the area bounded by the south property line of W. 42d st., the west property line of 5th ave., the north property line of W. 34th st. and the east property line of 9th ave., all in the Borough of Manhattan, between the hours of 8 a.m. and 6 p.m., Monday to Friday, inclusive, except that the driver of any such vehicle or combination of vehicles who has entered the said area before 8 a.m., may allow such vehicle or combination of vehicles to remain therein while being expeditiously loaded or unloaded, but must remove same therefrom before 10 a.m.

" Provided, however, that any vehicle or combination of vehicles thirty-three (33) feet or more in length may enter such area in order to reach an off-street parking facility or terminal therein where such parking facility or terminal is sufficient in size to accommodate the vehicle or combination of vehicles, and where no waiting, loading or unloading on the street by such vehicle or combination of vehicles will take place. Such vehicle or combination of vehicles may not stop between an entry point into the area and its destination for any purpose other than to conform with traffic regulations.

" Dated, March 31, 1950."

The commissioner of traffic has been continually engaged in the field of traffic control since 1933. From 1933 to 1943 he was engaged in the service of the State Highway Department of the State of Michigan in various capacities having to do one way or another with the maintenance and supervision of highways and from 1943 to 1948 he was also traffic engineer of the City of Detroit, State of Michigan. Prior to March 31, 1950, the commissioner made a careful study and investigation of traffic conditions within the area bounded on the north by 42nd Street, on the south by 34th Street, on the east by 5th Avenue and on the west by 9th Avenue. Hearings were had at which representatives of interested persons, including the plaintiffs, appeared and submitted their views. In deference to the claims made by the plaintiffs in respect of their probable financial detriment in consequence of the enforcement of the regulation, the enforcement thereof was suspended on April 21, 1950, until June 17, 1950. The area involved, consisting of less than one half a square mile, comprises what is commonly known as the Garment District. Within it are concentrated the establishments of manufacturers and other businesses occupying about forty million square feet of floor area. A considerable amount

of merchandise is delivered to and shipped from the said area. It is also highly congested by reason of the 300,000 people employed daily by the various and numerous establishments therein and many other persons having occasion to go to and from the area involved. The investigations conducted establish that the height of congestion, both vehicular and pedestrian, is between the hours of 8:00 A.M. and 6:00 P.M. on each weekday. The stated purpose of the regulation is to mitigate the excessive traffic congestion within the area and to promote the public safety. It is the general purpose of the regulation to prevent the introduction into the area of vehicles or combinations of vehicles for the transportation of merchandise having over-all length of thirty-three feet or more between the hours of 8:00 A.M. and 6:00 P.M. from and including Monday through Friday. The regulation expressly provides for the entry of such vehicles during the prohibited hours if destined to an off-street parking facility or terminal located within the area.

The plaintiffs are motor carriers. They own and operate motor vehicles affected by the regulation which represent a very substantial investment on their part. They contend the inevitable effect of the regulation is the termination of their business within the area involved with resulting irreparable financial loss to themselves as well as the numerous persons employed by them. The plaintiffs also advert to the practice indulged in by other trucking concerns utilizing motor trucks less than thirty-three feet in length, resulting in excessive and continuous parking within the area unmolested by the city authorities, and argue that the condition sought to be ameliorated is caused by the omissions of the authorities rather than the use of the city streets within the area by the plaintiffs and others similarly engaged. The plaintiffs also contend that the regulation is arbitrary, capricious and unreasonable and constitutes an abuse of discretion. The summons and complaint herein was served on May 22, 1950. The instant application for an injunction was made returnable June 6, 1950.

The commissioner's power to promulgate the regulation would appear to be supported by the authorities. (*People* v. *Rubin,* 284 N. Y. 392; *Bus Depot Holding Corp.* v. *Valentine,* 288 N. Y. 115.) It has been held and appears to be beyond dispute that the regulation of traffic and the establishment of routes of travel are within the proper exercise of the police power. (*Bradley* v. *Public Utilities Comm. of Ohio,* 289 U. S. 92; *Morris* v. *Duby,* 274 U. S. 135; *Bus Depot Holding Corp.* v. *Valentine, supra.*) The fact that the regulation impinges upon interstate commerce does not render it constitutionally

invalid. The test is whether the regulation is reasonably identified with the police power of the State. If the primary purpose of the regulation is to insure conditions of safety and to avoid vehicular congestion and other hazards productive of danger to life or property, then the fact that incidentally interstate commerce is adversely affected is irrelevant. (*Bradley* v. *Public Utilities Comm. of Ohio, supra,* pp. 94–96; *Morris* v. *Duby, supra,* pp. 143–144; *Bus Depot Holding Corp.* v. *Valentine, supra.*) The possible loss of profit and pecuniary damage to the plaintiffs does not serve to prevent the exercise of the police power (*Morris* v. *Duby, supra,* p. 144), although it is a relevant factor in determining the reasonableness of the exercise of the power. Limitations on the size of the vehicles, the periods of their use and the routes to be utilized, have been held a proper exercise of the right to regulate the use of highways. (*Sproles* v. *Binford,* 286 U. S. 374, 392; *Bradley* v. *Public Utilities Comm. of Ohio,* 289 U. S. 92, 94, *supra; People* v. *Rubin, supra.*) The defendants have established an unusual condition of congestion within the area here involved and the regulation promulgated by the commissioner is intended to deal with and alleviate the said congestion. The regulation appears to have been consequent on extensive investigations and a careful consideration of the elements involved as well as a hearing at which representatives of interested parties, including the plaintiffs, expressed their views pro and con. Under the circumstances and in the absence of a present showing of an abuse of discretion or power or the invasion of the plaintiffs' clear legal rights on the part of the defendants, the court is not disposed to restrain the enforcement of the regulation involved. The court is cognizant of the holding in *Bus Depot Holding Corp.* v. *Valentine* (*supra*) and is of the opinion that the facts there involved were entirely dissimilar from those in the instant case. There it appeared that plaintiffs had been prevented by force of the regulation from proceeding to and utilizing bus terminals established by the plaintiffs within the regulated area. At pages 121–122 the court said: " Upon this appeal we are concerned only with the provisions which exclude interstate buses from the midtown section and prohibit the use by such buses of terminals in those districts ". In the case at bar it does not appear that the regulation will affect the use or operation of private property within the regulated area. The accusations of the plaintiffs relative to lack of proper enforcement of traffic regulations within the area are factually unsupported and of doubtful relevancy.

The cross motion to dismiss for legal insufficiency is denied. In the absence of specific legislative authority expressly author-

izing the precise regulation involved, the plaintiffs would appear to have the right to challenge the regulation as unreasonable. (*Matter of Stubbe* v. *Adamson,* 220 N. Y. 459.) The determination of the sufficiency of the complaint therefore must await a trial on the merits.

If the plaintiffs so indicate on the settlement of the order to be made herein, the court will prefer the trial of this cause for June 19, 1950, provided the plaintiffs serve and file a short note of issue and pay the legal fees therefor.