## (April 13, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS PICCOLI and WILLIAM MYRDYCZ, Appellants.—Appeal from separate judgments of the County Court of Ulster County, rendered May 12, 1976 and June 30, 1976, convicting each defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree and sentencing each of them to a mandatory prison term with a minimum of six years and a maximum of life. Defendants were jointly indicted with two others for criminal possession of a controlled substance in the first degree and other offenses. Their pleas of guilty to reduced charges of criminal possession of cocaine in the second degree were accepted in full satisfaction of the indictment. We find no merit in the defendants' contention that the mandatory sentence provisions of section 70.00 of the Penal Law constitute cruel and unusual punishment, and are greatly disproportionate to the offenses committed. The constitutionality of this statute is beyond challenge *(People v Jones,* 39 NY2d 694; *People v Broadie,* 37 NY2d 100, cert den 423 US 950). The defendants urge that this is that "rare case" which forbids routine application of the statute (see *People v Broadie, supra,* p 119). However, the record fails to disclose any circumstances which render the case unusual and different in any way from other criminal possession cases. Defendants contend cocaine is improperly classified as a narcotic drug for purposes of criminal punishment. We see no merit to this argument. The classification of cocaine as a narcotic drug rests entirely within the province of the Legislature and does not come within the ambit of our authority (see *People v Portanova,* 56 AD2d 265, 277). Without a showing of irrationality, we are unable to overturn the classification scheme. Defendants also argue that they were denied their rights to a prompt preliminary hearing (CPL 180.10, subd 2) and to appear before the Grand Jury (CPL 190.50, subd 5, par [a]). It is apparent even under the procedural scheme adopted by the Legislature in 1970 (L 1970, ch 996) that a defendant may be indicted while awaiting disposition of a felony complaint in a local criminal court (CPL 190.50, subd 5, par [a]; *People v Talham,* 41 AD2d 354), thus obviating any need for a preliminary hearing. Defendants were processed "promptly" as the indictment came down nine days after arrest. As for defendants' objection that they were denied their right to appear before the Grand Jury, CPL 190.50 (subd 5, par [c]) requires any objections to the indictment based on paragraph (a) of that subdivision to be raised within five days of the arraignment on the indictment *(People v Washington,* 42 AD2d 677). In this case objections were raised a year and one-half later. This was untimely. We have considered defendants' other contentions and have found them to be without merit. Judgments affirmed. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.