■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCATENA, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Queens County, rendered June 2, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The sole issue for determination is whether the classification of cocaine as a narcotic drug pursuant to article 220 of the Penal Law is arbitrary, irrational and in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States. Defendant asserts that cocaine is a nonnarcotic stimulant which enhances social interaction with far less potential for abuse than alcohol or tobacco. In our opinion there is sufficient medical and law enforcement evidence of the high potential for cocaine abuse to furnish a reasonable basis for the Legislature to define cocaine as a narcotic for purposes of regulating its nonmedical use (see *People v Hoffman,* 76 Misc 2d 564 and *People v Billi,* 90 Misc 2d 568, and the authorities cited therein). As stated by Mr. Justice Shapiro for the court in *Matter of Cullum v O'Mara* (43 AD2d 140, 145-146), we note that: "a strong presumption of constitutionality attaches to all legislation *(Wasmuth v. Allen,* 14 N Y 2d 391, 397; *Defiance Milk Prods. Co. v. Du Mond,* 309 N. Y. 537, 540) and that there is a further presumption that the Legislature has investigated and found the facts necessary to support the legislation *(I. L. F. Y. Co. v. Temporary State Housing Rent Comm.,* 10 N Y 2d 263, 269; *Lincoln Bldg. Assoc. v. Barr,* 1 N Y 2d 413). Those who attack the constitutionality of legislative enactments must demonstrate their invalidity beyond a reasonable doubt *(People v. Pagnotta,* 25 N Y 2d 333, 337). The enactments will be struck down only as a last and unavoidable resort *(Nettleton Co. v. Diamond,* 27 N Y 2d 182, 193; *Matter of Van Berkel v. Power,* 16 N Y 2d 37, 40)." The defendant has failed to meet his burden of establishing the invalidity of the legislative enactment beyond a reasonable doubt. As long as the Federal and State Constitutions are not violated, this court may not substitute its judgment of the wisdom, necessity or propriety of the statutes in question for that of our duly elected Legislature (see *Williams v Mayor,* 289 US 36, 46). Aside from the foregoing, since the judgment of conviction was entered upon a plea of guilty, there is no record upon which a conclusion as to defendant's contentions can properly be reached. Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.