OPINION OF THE COURT
Anne G. Feldman, J.
Defendants, vendors, are charged with various violations of section B32-503.0 of the Administrative Code of the City of New York, contained in Local Law No. 77 of 1977 of the City of New York. Defendants plead not guilty and make these motions to dismiss the summonses before trial, claiming that the statute under which they are charged is unconstitutional.
On the record before this court, the motions are disposed of as follows: subdivision h of section B32-503.0 of Local Law No. 77 is found unconstitutional and summonses Nos. 86 086713 6 3477355; 83 427420 6 3507014; 86 088929 3 3486909; 86 098594 13496173; 86 090875 3 3507380; and 86 087857 2 3467258, issued under that provision, are dismissed; all other subdivisions of section B32-503.0 are found constitutional, and the *1111 motions to dismiss the summonses issued under those subsections are denied.
Defendants argue that subdivision h of section B32-503.0, which provides, inter alia, that "no sidewalk general vendor shall operate within twenty feet of any other vendor”, is unconstitutionally vague because it does not indicate clearly which of two vendors would be violating the statute, should they come within 20 feet of each other, nor does it specify which vendor would be required to move in such a situation.
This court finds defendants’ arguments persuasive and holds subdivision h of section B32-503.0 is void for vagueness because it " 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden’ ”. (Papachristou v City of Jacksonville, 405 US 156, 162.) The statute, through its vagueness, also improperly places "unfettered discretion” (Papachristou v City of Jacksonville, supra, p 168) in the hands of the police to arrest suspected violators, by failing to set forth a standard by which police officers can determine who is in violation, thus "encouraging] arbitrary and erratic arrests and convictions.” (Papachristou v City of Jacksonville, supra, p 162.)
Defendants’ principal argument is directed to Local Law No. 77 as a whole which they claim is an improper exercise of the police power of New York City because it (1) is a prohibition of a legitimate business under the guise of regulation, and (2) is arbitrary class legislation which operates to benefit established merchants while depriving general vendors of due process and equal protection of the laws.
In support of this argument, defendants claim that peddling is a legitimate profession which Local Law No. 77 effectively "legislates out of existence” by prohibiting vendors from operating in the most lucrative commercial areas of New York City — a prohibition defendants claim has the purpose of protecting established retailers in the same area from competition.
There is a strong presumption that all legislation is constitutional. (People v Pagnotta, 25 NY2d 33; Matter of Van Berkel v Power, 16 NY2d 37; People v Scatena, 63 AD2d 687.) It is also presumed that the Legislature, in enacting a statute, has investigated and found the facts necessary to support that legislation. (Matter of Rosenthal v Hartnett, 36 NY2d 269; People v Scatena, supra.)
Section 10 of the Municipal Home Rule Law empowers *1112 New York City to enact local laws consistent with the police power, which flows from the Constitution and is " 'one of the least limitable of all governmental powers.’ ” (McCallin v Walsh, 64 AD2d 46, 59-60.) Thus New York City has broad powers to regulate the use of the city streets to promote the health, safety, and welfare of its citizens. (Good Humor Corp. v City of New York, 290 NY 312.) However, legislation purporting to restrict an individual’s freedom to pursue a legitimate activity, in the name of the police power, must bear some reasonable relation to the public good, or it will be invalidated. (People v Pagnotta, supra.)
In Good Humor Corp., relied upon by defendants, the Court of Appeals struck down as unconstitutional a local law (Local Law, 1941, No. 111 of City of New York, § 435-14.0) which totally banned itinerant peddling on the streets of New York City, on the grounds that the stated public purpose of the legislation was improper. That legislatively stated purpose was " 'to prevent unfair competition by itinerant peddlers with storekeepers who pay rent and various taxes’ ” a purpose not within the city’s constitutional power to promote. (Good Humor Corp. v City of New York, supra, p 317.) However, the court specifically stated that the improper purpose, standing alone, would not have rendered the local law unconstitutional had the legislative body relied upon an additional ground which was valid.
Such a valid public purpose is present and stated here. While it is true that peddling is a legitimate activity, and a "common and traditional use of the streets”, it is equally true that those streets "are intended primarily for the use of pedestrians and vehicles traveling upon them”. The right to use the streets " 'must be exercised in a mode consistent with the equal right of others to use the highway.’ ” (Good Humor Corp., supra, p 317; emphasis added.) Thus, as the court observed in Good Humor, the Legislature can interdict even a " 'harmless pursuit of a lawful private business’ ” (such as peddling) which interferes unduly with traffic. (Good Humor Corp. v City of New York, supra, p 318; see, also, Bus Depot Holding Corp. v Valentine, 288 NY 115.) The People have shown that Local Law No. 77 was enacted for the valid public purpose of maintaining the busiest areas of the city as free as possible from congestion, and of preserving them for their primary purpose of public travel; and that the restrictions contained in that local law are reasonably calculated to *1113 achieve those ends. Defendants have produced no support for their contention that the legislative intent was otherwise.
Finally, defendants challenge subdivision d of section B32-503.0 which states, inter alia, that no vending pushcart or stand shall be located within 20 feet from an entranceway to any "building, store, theatre, movie house, sports arena or other place of public assembly.”
Defendants make the unsubstantiated claim that the average building in New York City is 20 feet wide and that this effectively prevents peddlers from standing anywhere. Defendants present no authority for this sweeping assertion. Moreover, this court finds that subdivision d of section B32-503.0 is intended to insure reasonably clear entranceways to buildings, which facilitates the public purpose of traffic control that Local Law No. 77 was enacted to promote.
In sum, defendants have failed to sustain their strong burden of showing the invalidity of subdivision d of section B32-503.0 "beyond a reasonable doubt” (People v Pagnotta, 25 NY2d 333, 336, supra); and thus the constitutional challenge must fail.