### 34861. ROBINSON v. THE STATE.

BOWLES, Justice.

This appeal is from a denial of appellant's motion to dismiss the indictment, and denial of appellant's motion in arrest of judgment.

On October 25, 1977, appellant was indicted under Code Ann. § 79A-811 (b) for violation of the Georgia Controlled Substances Act which makes it unlawful for any person to sell narcotic drugs listed in Code Ann. § 79A-807. He was charged specifically with selling cocaine to Don C. Golden on June 1, 1977. Cocaine is defined as a narcotic in Code Ann. § 79A-802 (p) (4). Appellant entered a plea of not guilty to the charge.

On January 19, 1978, appellant filed a motion to dismiss the indictment on the grounds that cocaine is not a narcotic drug within the meaning of the Georgia Controlled Substances Act and that classification of cocaine as a narcotic drug violates the equal protection clause of the Constitution of the United States and the Constitution of the State of Georgia. The motion to

dismiss was denied.

Appellant waived a jury trial. The court, after hearing evidence, found appellant guilty as charged.

Appellant filed a motion in arrest of judgment, contending that the state, in stipulating cocaine was not a narcotic drug, admitted the allegation of appellant's motion to dismiss, and the motion should have been sustained. The motion in arrest of judgment was denied. Appellant was sentenced to serve two years in the penitentiary and three years on probation. We affirm.

On appeal, appellant contends: The classification of cocaine by the legislature as a narcotic drug, when there is scientific evidence to the contrary, violates the due process and equal protection clauses of the United States and Georgia Constitutions; because cocaine is not a narcotic, it should be classified as a Schedule III drug under Code Ann. § 79A-808 rather than as a Schedule II drug under Code Ann. § 79A-807; and appellant should have been sentenced under Code Ann. § 79A-811 (h), which sets punishment for those convicted of selling a Schedule III drug.

A similar argument was raised in *Ivey v. State,* 226 Ga. 821 (177 SE2d 702) (1970), with respect to marijuana's classification as a narcotic under the Georgia law in force at the time of Ivey's arrest, even though it was not classified as a narcotic in the scientific community. This court there held that the classification was not so arbitrary, capricious or unreasonable as to deny appellant due process and equal protection of the law. Similar constitutional attacks against statutes classifying marijuana as a narcotic in other states have also been unsuccessful. See Anno. 50 ALR3d 1164, 1171, § 3(b), 28 CJS Supp. 137, Drugs & Narcotics, § 103.

Likewise, we find that the legislature acted reasonably considering medical and law enforcement evidence as to the high potential for cocaine abuse, in defining cocaine as a narcotic drug for purposes of regulating its non-medical use. See People v. Scatena, 404 NYS2d 655 (1978); People v. Piccoli, 403 NYS2d 820 (1978). It was not error for the trial court to deny appellant's motion to dismiss the indictment and motion in arrest.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 4, 1979 — DECIDED JULY 2, 1979.

*Christopher G. Nicholson,* for appellant.
*Richard Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.

