OPINION OF THE COURT
Shirley R. Levittan, J.
Defendant Jaime Molinares has moved to dismiss the indictment on the ground that cocaine should not be classified as a narcotic. For the reasons set forth herein, the court denies the motion.
Defendant Jaime Molinares and codefendant Carlos Munoz are charged with nine counts of criminal possession and sale of a controlled substance. The indictment alleges, in substance, that on three separate dates, the defendants possessed and sold a quantity of cocaine to an undercover police officer.
In this motion, which has been adopted by codefendant Munoz, defendant Molinares argues that the classification of cocaine as a “narcotic drug” under article 220 of the Penal Law is an arbitrary, capricious, and irrational violation of his rights to due process and equal protection of the laws and also constitutes cruel and unusual punishment. The basic thrust of his argument is that current scientific findings have indicated that cocaine is not a narcotic, is not *1080 physically addicting, and acts as a stimulant rather than a depressant. It is the defendant’s position that the rationale of People v Broadie (37 NY2d 100) should be re-examined and repudiated in light of recent scientific research involving cocaine. In Broadie, the Court of Appeals rejected constitutional challenges to sentencing provisions of the Penal Law which imposed a mandatory maximum sentence of life imprisonment for the sale of cocaine and heroin. Such offenses were designated by our Legislature to be class A felonies. In support of his argument urging that the instant indictment be dismissed on the ground that cocaine is unconstitutionally misclassified as a narcotic drug under section 3306 (schedule II, subd [a], par [4]) of the Public Health Law, counsel cites two recent cases from other jurisdictions which concluded on the basis of expert testimony that cocaine was not a narcotic and that its classification as such for punishment purposes under schedules similar to New York’s violated basic constitutional protections. (People v McCarty, 93 Ill App 3d 898; People v Harman, 29 Cr L 2137 [Mich].)
The court is appreciative of counsel’s affirmation and well-written memorandum of law which cogently summarize his arguments in support of dismissing the instant indictment on constitutional grounds. This court must, however, decline counsel’s invitation to dismiss the indictment. The court agrees with former Chief Judge Breitel’s observation that “[t]he Legislature may distinguish among the ills of society which require a criminal sanction, and prescribe, as it reasonably views them, punishments appropriate to each” (People v Broadie, supra, p 110). In that role, our Legislature has concluded that cocaine use is an “ill” which is detrimental not only to individuals, but to the social fabric as well. Although possibly not physically addicting, there nevertheless is evidence which indicates that cocaine can be psychologically addicting to frequent users (“cocaine junkies”) whose lives slide precipitously downhill with heavy use of the substance.
A case in point involved 40-year-old “Harry Marshall,” whose struggle with cocaine was graphically described in an excellent article which recently appeared in New York *1081 Magazine (“Getting Off The Cocaine Express” by Anthony Haden-Guest, Sept. 7, 1981, p 24).
As founder of a computer program company, Harry had earned $10 million before he was 30. He later set up a commodities company that traded in precious metals. The company did more than a billion dollars’ worth of business before it began to falter when Harry became a cocaine user, a “cocaine junkie”. Upon being introduced to cocaine, Harry first used it only occasionally as a stimulant. As his use of cocaine increased, Harry changed his life-style. He rapidly lost interest in his commodities business, and the once-prosperous enterprise eventually failed.
Harry Marshall’s story raises some serious questions about the validity of the studies which have labeled cocaine as nonaddictive. Indeed, Harry tried to get off “coke” 32 times. Each time he would become depressed and would lose confidence in himself. He began to believe that his own creative energies depended upon cocaine and this, in turn, caused him to resume using it.
The article concludes with a description of Harry’s determined — and moderately successful — attempt finally to kick the cocaine habit for good. It was only after Harry feared that continued cocaine use would result in irreversible brain damage that he and a friend decided to detach themselves permanently from the “cocaine express”.
In the opening sentence of its opinion in People v McCarty (supra), the Appellate Court for the Fourth District of Illinois asserted: “The simple, uncontradicted scientific fact is: Cocaine is not a narcotic.” (Emphasis in original.) Perhaps the intermediate tribunal was somewhat overconfident in reaching that sweeping conclusion on this complex issue because the ruling was reversed by the Supreme Court of Illinois which held that cocaine is a narcotic which “spurs violent crime and leads to hard drug use” (New York Daily News, Oct. 1, 1981, p 9).[1]
The McCarty case (supra) and the story about “Harry Marshall” illustrate the difficulty surrounding the issue of whether cocaine should be proscribed under the narcotics *1082 laws. Although scientific research into the effects of cocaine has produced inconclusive results, there are findings which have cast serious doubt upon the popular notion that cocaine use does not produce any significant medical problems for the individual user. Recent studies by the National Institute on Drug Abuse demonstrated that heavy cocaine use led to myriad complications, including the disruption of normal eating and sleeping patterns, perceptual disturbance, paranoia, psychological dependence, and even psychosis. One researcher found that “freebasing” — smoking the boiled residue of cocaine powder for a more powerful and intensified rush — “creates real addiction and severe health problems.”[2]
In the case at bar, defendant’s essential argument is that cocaine cannot constitutionally be classified as a narcotic drug because it is a nonnarcotic stimulant, with which, there is not addiction, no tolerance and no withdrawal symptons. However, because scientific research has yet to confirm the defendant’s argument, this court does not believe that the Legislature acted irrationally and unreasonably in classifying cocaine as a “narcotic drug”. (People v Portanova, 56 AD2d 265, 277.) Indeed, the classification of cocaine as a narcotic drug must rest entirely within the province of the Legislature which is in a far better position than this court is to evaluate the available scientific findings concerning the physical and psychological effects of cocaine, and make an enlightened determination about whether its use should continue to be proscribed under our narcotics laws (see People v Piccoli, 62 AD2d 1078).
Accordingly, because the classification of cocaine is a matter that must be dealt with by the Legislature and not the courts, defendant’s motion is denied.

. It is interesting to note that the Daily News was probably one of the first sources to widely report the reversal.

. Phillip Nobile, “The Third Scourge of Humanity”, New York Magazine, Sept. 7, 1981, p 27.