## 39688. JOHNSON v. THE STATE.

SMITH, Justice.

Curtis D. Johnson was found guilty of murder in DeKalb County and sentenced in October 1982 to life imprisonment. He brings this appeal from the overruling of his motion for new trial. The only issue on appeal concerns the accused's right to the presence of counsel during in-custody interrogation. We affirm.

Johnson shot Frank Dupree on January 6, 1982, in DeKalb County. He was arrested at the scene after a witness called police. During the call Johnson grabbed the telephone and shouted that the victim had shot himself. When police arrived they found that the victim had been wounded several times, at least once in the middle of the back. He was lying face down on the floor with a revolver beneath his hand where, according to the witness, Johnson had placed it. The medical examiner testified that there was no gunpowder residue on the skin or clothing of the victim, thus concluding that the gun was at least 30 to 36 inches from the victim when it was fired into him.

Two detectives were involved in the arrest and subsequent questioning of Johnson. The first detective brought Johnson from the crime scene to the station, advised him of his constitutional rights to an attorney and to remain silent, and asked him if he would sign a form indicating waiver of these rights so that interrogation could begin. Johnson refused. A second detective, the principal investigator in the case, arrived about an hour afterward at the station and again advised Johnson of his rights and asked if he wanted to waive them and discuss the shooting. This time Johnson agreed to do so, first signing the waiver form and then stating that the shooting was accidental. He refused, however, to make a written statement and for the first time asked to have an attorney present. Questioning thereupon ceased.

The trial court held a Jackson v. Denno hearing outside the presence of the jury and admitted the waiver of counsel form and the testimony of the second detective relating to the subsequent oral statement. Johnson contends that the trial court erred in admitting into evidence over objection the waiver of counsel form he signed and in admitting into evidence over his objection the testimony of the second detective regarding Johnson's oral statement that he shot Dupree.

The question here is whether Johnson made a clear assertion of his right to counsel and whether the second detective abridged that right by further questioning him. We must look to see, under these facts, at what point the "significant event" doctrine established in Miranda v. Arizona, 384 U.S. 436 (86 SC 1602, 16 LE2d 694) (1966),

and further refined in Edwards v. Arizona, 451 U.S. 477 (101 SC 1880, 68 LE2d 378) (1981), may be invoked. See *Vaughn v. State,* 248 Ga. 127 (281 SE2d 594) (1981). The U. S. Supreme Court in Miranda indicated that assertion of the right to counsel was a significant event and that once exercised by the accused, the interrogation must cease until an attorney is present. Miranda v. Arizona, 384 U. S. 436, 474, supra. Edwards established that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police initiated custodial interrogation even if he has been advised of his rights.

As Johnson argues, if the evidence showed that he had stated clearly his desire for the presence of an attorney prior to making the incriminating admissions to the second detective, those admissions would have to be suppressed or excluded and it would be unavailing to show that he was advised a second time of his rights to the presence of counsel and to remain silent. But the facts of this case do not support the conclusion that Johnson had communicated his desire for an attorney. Nor do we otherwise conclude that he requested one by simply refusing to sign a waiver form.

This was not the persistent, repetitive interrogation against which courts have fashioned protection for an accused who might otherwise be coerced into incriminating himself. See Michigan v. Mosley, 423 U.S. 96 (96 SC 321, 46 LE2d 313) (1975). The first detective questioned Johnson briefly and preliminarily. When Johnson refused to sign a waiver, the first interrogation ceased. As soon as Johnson expressed to the second detective a desire to see an attorney, the questioning stopped. Johnson argues that his first refusal to sign a waiver form was in effect an assertion of his right to the presence of an attorney and a significant event sufficient to invoke Miranda. We disagree. Police may legitimately inquire whether a suspect has changed his mind about speaking to them with or without an attorney. See Edwards v. Arizona, supra, at 1888 (Powell, J., concurring in result). No more than that occurred here. Without an oral or written request Johnson did not invoke his Fifth Amendment right to the presence of an attorney during custodial interrogation and police did not use the guise of clarifying his wishes as a device to elicit an admission. His initial refusal to sign the form was an ambiguous act, at best. There is no doubt that the police are free to ask further questions in the face of such a response. Miranda v. Arizona, 384 U.S. at 485 (86 SC, at 1635). A review of the whole event does not disclose any encroachment on Johnson's continuing option to terminate the interrogation. It was not error to admit into evidence the form waiving counsel. The statements to the second detective

made prior to Johnson's request for counsel were not obtained in violation of his Fifth Amendment right to counsel and thus were properly admitted. There is no merit in these enumerations.

Johnson's third enumeration cites as error the trial court's failure to grant a new trial based on the enumerations discussed above. We find no error in the trial court's refusal.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 1983.

*Edward Lang,* for appellant.
*Robert E. Wilson, District Attorney, Jonathan C. Peters, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.