## 67880, 67881. SPRATLEY v. THE STATE.

DEEN, Presiding Judge.

Appellant was indicted for rape and robbery and found guilty of the rape and not guilty of robbery. He contends the trial court erred in admitting a statement that was not freely and voluntarily given and in limiting the evidence to general reputation of the prosecutrix for promiscuity and excluding specific acts which tended to show consent.

1. Appellant was arrested and advised of his Miranda rights by a police detective. The detective read the waiver form to him and attempted to make sure he understood it. Although appellant signed the waiver form which indicated he waived his right to counsel and the right to remain silent, both men agree that he did not waive his right to remain silent. No further questions were asked of appellant and he was placed in a police car. En route to the police station appellant asked the detective if he had a son named Michael. The detective replied that he did and appellant gave the detective a statement when asked if he wished to make one. Appellant testified that he knew what his rights were and was not forced or tricked into giving a statement.

A review of the transcript indicated the trial court did not err in finding the statement was freely and voluntarily given after conducting a Jackson v. Denno hearing outside the presence of the jury. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) does not preclude all further contact once the right of silence has been invoked. Michigan v. Mosley, 423 U. S. 96 (96 SC 321, 46 LE2d 313) (1975). The facts in this case indicate "[t]his was not the persistent, repetitive interrogation against which courts have fashioned protection for an accused who might otherwise be coerced into incriminating himself." *Johnson v. State,* 251 Ga. 62, 63 (303 SE2d 7) (1983). Appellant's actions clearly indicate he was willing to give the detective a statement after learning that he knew his son.

2. OCGA § 24-2-3 (b) (Code Ann. § 38-202.1) provides that in a rape prosecution "evidence relating to the past sexual behavior of the complaining witness may be introduced if the court, following the procedure described in subsection (c) of this Code section, finds that the past sexual behavior directly involved the participation of the accused or finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution."

It was not shown that appellant had previously engaged in sexual activity with her. He testified he thought she was consenting to

have sex with him because she let him and because Anthony, a co-defendant, "said he was gonna pay her, but he didn't give her no money." This testimony is insufficient to show that appellant reasonably believed she consented. Other evidence included an immediate outcry to her daughter, her examination by a physician at the hospital, and the physical condition of the room where the gang rape was alleged to have occurred. The trial court did not err in excluding the alleged specific acts.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1984.

*Thomas R. Moran,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Richard E. Hicks, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.