67283, 67284. SOUDER v. THE STATE (two cases).

POPE, Judge.

After a bench trial, Frank Souder was convicted of trafficking in cocaine and sentenced to serve fifteen years. A later bench trial resulted in Souder's additional conviction for possession of methaqualone and a sentence of two years to run concurrently with the earlier sentence. Since the two appeals arise out of the same transaction, and the same errors are alleged in both cases, we will treat them together.

Souder's arrest and convictions came as a result of an undercover police operation. The evidence shows that in January 1982 undercover Agent Carter was contacted by Russell Day about the purchase of a quantity of drugs. A deal was struck with the time and location of delivery left open. On February 8, 1982 Day called Carter and told him that the cocaine would be brought to Atlanta from Florida. One man would fly from Florida; two other men would drive from Florida; the cocaine would be with the men in the car. Early on February 10, Day called Carter and told him the man had flown in and the deal was confirmed. Later that day, as instructed, Carter called Day; Day said he would check to see if the deal was ready and call back. When Day did return the call, he instructed Carter to meet him at Room 330 at the Squire Inn. While Carter and Day made the exchange, the others would be in another room at the Squire Inn. Early in the afternoon Carter met Day, was given the cocaine, and arrested Day. Agent Neeley was notified to check the registration at the Squire Inn for that day for anyone checking in after 1:00 p.m. Two such registrations were found: one for Room 215, giving a name, business, address and year and make of car and tag number; the other for Room 218, simply listing a name with no other information. This focused Neeley's suspicion more on Room 218. While Neeley checked the registration, Agent Anderson made an independent observation of the rooms and noted two men sitting in Room 218; he further noted a yellow Ford with Florida license plates parked directly in front of Room 218. The agents had been briefed by Carter and the agent in charge on how the deal was set up. They met in the lobby and conferred. A short time later, Agent Foster saw the two men in Room 218 get into the yellow Ford and begin to drive away. Anderson and Foster were ordered to follow, and then, by radio, to stop the men. The men in the car were Souder and McLeod. They denied being registered at the motel, saying instead they were visiting someone there. Anderson noticed a motel receipt on the car's console and seized it. The receipt was for

Room 218. After placing the two under arrest and reading them their Miranda warnings, the two admitted they were registered at the motel in Room 218 and gave their permission to have the room searched. The search was made, and cocaine and methaqualone were seized.

1. Souder first argues that the trial court erred in allowing into evidence his confession and the evidence found in Room 218 because his warrantless arrest was without probable cause. We disagree. "Probable cause existed if at the time of the arrest the officers had knowledge and reasonably trustworthy information about facts and circumstances sufficient to warrant a prudent man in believing that [Souder] had committed an offense. [Cits.]" *Borden v. State*, 247 Ga. 477, 478 (277 SE2d 9) (1981). The record shows that the agents knew from Russell Day that two men would transport the cocaine by car from Florida, would arrive in Atlanta around a certain time, and would be registered at another room at the Squire Inn. This, coupled with the agents' observations at the motel, was sufficient to properly focus the agents' attention on Souder and McLeod.

2. Souder next argues that his confession was improperly admitted because it was obtained in violation of the prohibition set out in Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). After his arrest, Souder was again read his Miranda warnings before being questioned. Souder then talked briefly with an agent before ending the interview by saying that he wanted to talk to his family, or McLeod, or an attorney. Souder was returned to a cell he shared with McLeod. The next morning Souder was again advised of his Miranda rights and questioned, and at this time he confessed. Our Supreme Court discussed Edwards v. Arizona, supra, in *Vaughn v. State*, 248 Ga. 127 (1) (281 SE2d 594) (1981). "The question of the admissibility of the written confession is controlled by Edwards v. Arizona, [supra]. There the court noted what has been characterized as a *per se* rule established in Miranda 'that the assertion of the right to counsel was a significant event and that once exercised by the accused, the interrogation must cease until an attorney is present.' The court then said that it would be 'inconsistent with Miranda and its progeny for the authorities, at their insistence, to reinterrogate an accused in custody if he has clearly asserted his right to counsel.' Therefore, the court held that an accused who invokes his right to counsel will not be subject to further interrogation until counsel has been provided, 'unless the accused himself initiates further communication, exchanges, or conversations with the police.' " (Citations omitted.) *Vaughn*, supra at 130. "All of the above supposes a clear invocation of the right to counsel. The Edwards court cited, with apparent approval, a Fifth Circuit case which holds that waiver is possible if the request for counsel is equivocal. See Nash v. Estelle, 597 F2d 513 (5th Cir. 1979)

(en banc)." Id. at 131.

We cannot agree with Souder that his request was unequivocal, thereby triggering the protection of Edwards. The police met his request made in the alternative, viz., they allowed him to speak with McLeod before beginning questioning again. In addition, Souder was again reminded of his Miranda rights but did not request the presence of an attorney. Thus, the "significant event" of Miranda and Edwards, the assertion of the right to have counsel present during questioning, was not reached. See also *Johnson v. State*, 251 Ga. 62 (303 SE2d 7) (1983). Therefore, the trial court did not err in allowing into evidence Souder's confession.

3. Souder argues that his confession was not corroborated. We find no merit in this enumeration. " 'Proof of the corpus delicti, accompanied by a free and voluntary confession, is sufficient evidence to support a conviction. [Cit.]' " *Culpepper v. State*, 156 Ga. App. 183 (274 SE2d 155) (1980). Direct and circumstantial evidence of the trafficking in cocaine was presented, as set out in Division 1.

4. Souder's last enumeration of error has been decided adversely to him in *Robinson v. State*, 244 Ga. 15 (257 SE2d 523) (1979).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 5, 1984 —
REHEARING DENIED MARCH 21, 1984 —

*Walter Moore Henritze, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Thomas W. Hayes, Assistant District Attorneys*, for appellee.