**Calvin KEARNEY, Plaintiff,**

v.

**NEW YORK STATE LEGISLATURE; Presiding Justice of Kings County Criminal Court, Part A.P.I; Elizabeth Holtzman, District Attorney of Kings County, Defendants.**

No. 83 CV0548.

United States District Court, E.D. New York.

Dec. 12, 1984.

Calvin Kearney, pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendants.

McLAUGHLIN, District Judge.

The attached Report and Recommendation of the Honorable Shira A. Scheindlin, United States Magistrate, is hereby adopted as the Order of this Court. No objections were filed within the time prescribed.

The Clerk of the Court is hereby directed to enter judgment dismissing plaintiff's complaint.

SO ORDERED.

## REPORT and RECOMMENDATION

November 9, 1984

SHIRA A. SCHEINDLIN, United States Magistrate.

### I. Procedural History

On January 14, 1983, plaintiff was arraigned in Kings County Criminal Court on a charge of homicide and was held without bail. On three occasions after the arraignment, plaintiff made motions for a probable cause hearing under N.Y.Crim.Proc.Law § 180.60 (1975) [1] or for release under N.Y. Crim.Proc.Law § 180.80 (1982). [2] The Peo-

---

1. N.Y.Crim.Proc.Law § 180.60 (1975) provides for a mandatory hearing upon a felony complaint. The defendant has a right to be present at the hearing. The defendant also has the right to be read the complaint against him and any supporting depositions and to testify on his own behalf. All witnesses, including the defendant may be cross-examined. New York law also allows the defendant the right to counsel at the hearing.

2. N.Y.Crim.Proc.Law § 180.80 (1982) reads in pertinent part:

Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, since the time of his arrest or subsequent thereto, has

ple opposed these motions on the ground that the only complaining witness was confined to a hospital. Plaintiff[1] was subsequently indicted by a Grand Jury on the homicide charge and is now awaiting trial.

On February 4, 1983, plaintiff filed a civil action in this court pursuant to 42 U.S.C. § 1983 (Supp.1984) against the New York State Legislature, the Presiding Justice of Kings County Criminal Court Part A.P.I., and Brooklyn District Attorney Elizabeth Holzman, each in their individual and official capacities acting under color of state law. In this action, plaintiff claims that the named defendants were acting in concert to deprive him of a probable cause hearing required under N.Y.Crim.Proc.Law § 180.60 by indicting him pursuant to N.Y. Crim.Proc.Law § 190.55 (1974).[3] Plaintiff alleges that the defendants, by circumventing a probable cause hearing through a Grand Jury indictment deprived him of his rights to counsel and confrontation which would be available to him at the probable cause hearing but not at the Grand Jury. Plaintiff further alleges that N.Y.Crim. Proc.Law § 190.55 allows the District Attorney arbitrarily to select who will be afforded a probable cause hearing, thereby depriving him of his right of equal protection.

On November 3, 1983, Judge McLaughlin granted plaintiff leave to proceed *in forma pauperis* and directed the United States Marshal to serve the defendants. A summons and complaint were left with a clerk at the office of the New York State Attorney General on November 16, 1983. Plaintiff alleges that the managing attorney, William F. Billotti, acknowledged receipt of this service, but Mr. Billotti later stated that he had not received service. Another summons and complaint was improperly addressed to the Presiding Justice and apparently was never delivered. On December 9, 1983, the court received plaintiff's interrogatories. Defendants did not answer these interrogatories or the original complaint.

On December 20, 1983, plaintiff moved for an entry of default under Fed.R.Civ.P. 55(a).[4] The docket entries and the case file do not clearly indicate whether a default was ever entered. Nonetheless, on February 22, 1983, plaintiff moved for an entry of judgment by default under Fed.R.Civ.P. 55(b)(2)[5], claiming that defendants failed to answer or otherwise defend against the complaint.

The New York State Attorney General has opposed plaintiff's motion for a default judgment and moved to dismiss the 1983 suit. The Attorney General first argues that the court has no personal jurisdiction over the New York State Legislature or the Presiding Justice of A.P.I. because neither party was properly served. The Attorney General further argues that he is the wrong party to receive service in an action against the state legislature, and that the

---

been held in custody pending disposition of such felony complaint, and who has been confined in such custody for a period of more than one hundred twenty hours or, in the event that a Saturday, Sunday or legal holiday occurs during such custody, one hundred forty-four hours, without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance unless:
. . . .
   3. [t]he court is satisfied that the people have shown good cause why such order of release should not be issued.

**3.** N.Y.Crim.Proc.Law § 190.55 (1974) reads in pertinent part:
   A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant who, on the basis of a felony complaint filed with a local criminal court of the county, has been held for the action of a grand jury of such county. . . .

**4.** Fed.R.Civ.P. 55(a) reads:
   When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
*Id.*

**5.** Fed.R.Civ.P. 55(b)(2) provides for a judgment by default entered by the court if under Rule 55(b)(1) the clerk cannot enter judgment because the plaintiff's claim is not "for a sum certain or for a sum which can by computation be made. certain" upon an affidavit of the amount due.

proper party, the Presiding Justice, was never served. Assuming, *arguendo*, that service was proper, the Attorney General finally argues that entry of a default judgment should not be granted because plaintiff's complaint is frivolous, and that plaintiff therefore suffered no prejudice from defendants' failure to answer the complaint.

Plaintiff opposes the Attorney General's motion and argues that the Attorney General was the proper party to be served on behalf of the New York State Legislature, and that plaintiff's constitutional claims of deprivation of due process and equal protection are meritorious.

## II. Discussion

### A. *Entry of Default*

Entry of default by the court clerk upon a plaintiff's request is the first step toward a final entry of a default judgment. Fed. R.Civ.P. 55(a). The defendant then has the opportunity to move to set aside the entry of default. Fed.R.Civ.P. 55(c).[6] If the defendant does not make such a motion or is unsuccessful, and a hearing to ascertain damages is unnecessary, the court may grant a judgment by default. Fed.R.Civ.P. 55(b)(2). As a final defense, defendant may move to set aside a default judgment pursuant to Fed.R.Civ.P. 60(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981). *See generally*, 10 C. Wright and A. Miller, Federal Practice and Procedure: Civil §§ 2681–2700 (1973).

Courts have at times omitted the initial step of requiring the entry of default. In *Meehan v. Snow*, a district court judge ordered a hearing on a motion for a default judgment when there had been no entry of default. The Second Circuit found that the hearing "afforded the appellants the same opportunity to present mitigating circumstances that they would have had if a de-

fault had been entered and they had then moved under Rule 55(c) to set it aside." *Meehan*, 652 F.2d at 276.[7] Similarly, in *Traguth v. Zuck*, 710 F.2d 90 (2d Cir.1983), where there was no entry of default, the Second Circuit found that the district court's order allowing a motion for default judgment "was functionally equivalent to an entry of default." *Id.* at 94.

Here, neither the docket entries nor the case file indicates an entry of default. Defendants nonetheless have the same opportunity to be heard on this motion for a default judgment as they would have had in opposing the entry of default. Although the Attorney General moved to vacate a default judgment rather than an entry of default, the Second Circuit has recognized that "opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion." *Meehan*, 652 F.2d at 276. *See also* 10 C.Wright & A. Miller, *supra*, § 2692.

Thus, I recommend, pursuant to *Meehan* and *Traguth*, that defendant's motion be treated as one to set aside the entry of default rather than as a motion in opposition to a request for a default judgment.

### B. *Setting Aside the Entry of Default*

#### 1. Service of Process

■ Rule 55(c) allows an entry of default to be set aside "[f]or good cause shown." In addition, this court has held that "an entry of default must be vacated if it is found to be unsupported by jurisdiction." *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D.N.Y.1982). Proper jurisdiction requires effective service of process. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F.Supp. 1128, 1145 (D.Nev. 1980), *aff'd*, 705 F.2d 1515 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1446,

---

6. Fed.R.Civ.P. 55(c) reads: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." *Id.*

7. The court notes, however, that "[e]ntering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course...." *Meehan*, 652 F.2d at 276, n. 5.

1448, 79 L.Ed.2d 765 (1984); 10 C. Wright & A. Miller, *supra*, at § 2682.

Here, the Attorney General correctly argues that he cannot be served on behalf of the New York State Legislature because he is not the Chief Executive Officer of the State Legislature. *See* Fed.R.Civ.P. 4(d)(6).[8] Plaintiff, in turn, argues that the New York State Legislature is an agency of the state and that it was therefore proper to serve process on the Attorney General, the authorized attorney for the state. *See* New York Executive Law § 63 (1982).[9] *See also* N.Y.C.P.L.R. § 307 (1962).[10]

I find no merit in plaintiff's argument. Nowhere in the laws of New York or in the Federal Rules is there a provision, express or implied, that allows service on the New York State Legislature through the Attorney General. In addition, the Presiding Justice of A.P.I. never received the summons and complaint, and thus was not properly served. Therefore, this court has no personal jurisdiction over the named defendants and I recommend that this action be dismissed. (The record is unclear on whether or not the District Attorney was properly served. However, if service was proper, I would still dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), as urged by defendants. *See* Section III below).

#### 2. Merits of a Rule 55(c) Motion: The *Meehan* Test

This court has discretionary power pursuant to Rule 55(c) to set aside an entry of default "[f]or good cause shown." In *Meehan*, the Second Circuit indicated that good cause under Rule 55(c) depends on three considerations: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* at 277; *See also Traguth*, 710 F.2d at 94.

Because plaintiff failed to serve the defendants properly, this court does not have personal jurisdiction over them and need not examine the record to determine whether defendants have met these three considerations. Nonetheless, should this court disagree with my recommendation on the jurisdictional issue, I shall briefly discuss the merits of the Rule 55(c) motion.

■ Defendants claim that they were under a good faith belief that they were never served process. In *Lichtenstein*, defendant's good faith belief that settlement proceedings obviated judicial action was sufficient to establish that defendant's failure to plead was not willful. *Lichtenstein*, 95 F.R.D. at 513, n. 3. Here, defendants can establish that their failure to answer was not willful. Defendants are also likely to prevail on their claim that the 1983 suit is frivolous.

Plaintiff claims his constitutional rights of due process and equal protection were denied when his right to a preliminary hearing was superseded by a Grand Jury indictment. As the Second Circuit noted in *Sciortino v. Zampano*, 385 F.2d 132, 133 (2d Cir.1967), *cert. denied*, 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872 (1968), "[t]here is

**8.** Fed.R.Civ.P. 4(d)(6) provides that service can be made

[u]pon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

*Id.*

**9.** New York Executive Law § 63 (1982) provides in pertinent part that the attorney general shall:

Prosecute and defend all actions and proceedings in which the state is interested, and

have charge and control of all the legal business of the departments and bureaus of the state, or of any office thereof which requires the services of attorney or counsel, in order to protect the interest of the state, but this section shall not apply to any of the military department bureaus or military offices of the state.

*Id.*

**10.** N.Y.C.P.L.R. § 307 (1962) reads:

Personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state.

*Id.*

extensive authority in the cases for the proposition that the return of an indictment, which establishes probable cause, eliminates the need for a preliminary examination." *Jaben v. United States,* 381 U.S. 214, 220, 85 S.Ct. 1365, 1369, 14 L.Ed.2d 345 (1965) (Defendant should be afforded a preliminary hearing "unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment.") [11]; *see also United States v. Anderson,* 481 F.2d 685, 691 (4th Cir.1973), *aff'd,* 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974) ("after indictment a preliminary hearing 'would be an empty ritual' (citations omitted)"). Defendants have established that the complaint is frivolous. Therefore, if the entry of default is set aside, there can be no prejudice to plaintiff because his claim is frivolous and subject to dismissal on the merits. (See Section III below).

Defendants have met the *Meehan* test to set aside an entry of default under Rule 55(c). Thus, if entry of default is not set aside because this court lacks personal jurisdiction, it should be set aside under the lenient standard of rule 55(c) as set forth in *Meehan.*

### III. Defendants' Motion to Dismiss

■ Plaintiff's complaint should also be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action as urged by defendants. The standard set forth by the Supreme Court to evaluate the sufficiency of a complaint is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Plaintiff's claim that

the Grand Jury indictment improperly superseded his right to a probable cause hearing does not state a legally sufficient cause of action under state and federal law. Plaintiff can prove no set of facts that would support his claim and entitle him to relief. Therefore, I respectfully recommend that the court dismiss the complaint for it failure to state a claim upon which relief may be granted.

### IV. Conclusion

It is respectfully recommended that the motion for entry of default judgment be denied and that entry of default be set aside for lack of personal jurisdiction. It is further recommended that defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) be granted because plaintiff's claim is frivolous.

A copy of this Report and Recommendation is being mailed today to all parties, who are hereby advised that objections to the report may be served and filed with the district court, with a copy to me, within ten (10) days.

---

**11.** New York State courts have also found that a Grand Jury indictment eliminates the need for a preliminary hearing. *See People v. Hodge,* 53 N.Y.2d 313, 319, 441 N.Y.S.2d 231, 423 N.E.2d 1060 (1981) ("the State, by presenting the case to a Grand Jury in the first instance, may bypass the preliminary hearing stage entirely"); *People*

*v. Piccoli,* 62 A.D.2d 1078, 403 N.Y.S.2d 820 (3d Dept. 1978) ("a defendant may be indicted while awaiting disposition of a felony complaint in a local criminal court, thus obviating any need for a preliminary hearing." (citations omitted)).