### 71459. WESTBERRY v. THE STATE.
(342 SE2d 737)

BENHAM, Judge.

Appellant was convicted of trafficking in marijuana (OCGA § 16-13-31 (c)). Finding no merit in the enumerations he raises on appeal, we affirm the judgment of conviction.

1. Appellant first claims that his conviction was based on his uncorroborated confession. "Proof of the corpus delicti, accompanied by a free and voluntary confession, is sufficient evidence to support a conviction. [Cits.]" *Souder v. State*, 170 Ga. App. 413 (3) (317 SE2d 251) (1984). " 'The quantum of evidence necessary to corroborate a confession is entirely for the jury to decide, as it may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction.' [Cits.]" *Brown v. State*, 167 Ga. App. 851, 853 (307 SE2d 737) (1983). Appellant's confession was corroborated by two State witnesses who testified that appellant paid the taxes on the land on which the marijuana was found, and that appellant specifically directed the officers to the exact location of the largest of the three marijuana patches. A rational trier of fact could have found appellant guilty beyond a reasonable doubt based on the evidence presented. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lang v. State*, 165 Ga. App. 576 (302 SE2d 683) (1983).

2. The second enumeration of error appellant raises is that the State failed to prove that the weight of the marijuana exceeded 100 pounds, an essential element for conviction under the statute. OCGA § 16-13-31 (c). The record shows that the total weight of the confiscated marijuana plants, including stalks, stems, and leaves, was 10,340 pounds. The evidence was sufficient to allow the jury to conclude that the marijuana leaves alone weighed more than 100 pounds. *Hardin v. State*, 172 Ga. App. 232, 234 (322 SE2d 540) (1984). See also *Lang v. State*, supra.

3. Appellant also claims that the trial court erred in charging the jury that appellant was presumed to be the owner of the marijuana since it was growing on property he owned. He argues that the charge

shifted the burden of disproving possession to him and that there was no evidence of his ownership of the property. We disagree with appellant on both points of contention. Our review of the record shows that the trial court instructed the jury that it was permitted, but not required, to presume that if a person owns certain premises, then such person was in possession of the property thereon. The trial court went on to state that the presumption was rebuttable and may be overcome by evidence that others had access to the premises. This instruction was proper and did not shift the burden of proof to appellant. Compare *Knighton v. State*, 248 Ga. 199 (1) (282 SE2d 102) (1981). The charge was also adjusted to the evidence inasmuch as there had been testimony to show that appellant owned the property on which the marijuana was growing, including appellant's own admission to that effect. See Division 2 of this opinion. Therefore, the trial court did not err in charging the jury as it did.

4. Finally, appellant asserts that the trial court erred in denying his motion for new trial because one of the jurors had rented his truck to the sheriff's department to help transport the seized marijuana. We find that no error occurred since appellant has failed to show either actual juror partiality or circumstances inherently prejudicial to his right to an impartial jury. "There has been no showing here of any factor which would have precluded this juror from determining appellant's guilt or innocence solely on the evidence presented at trial. [Cits.]" *Fudge v. State*, 164 Ga. App. 392 (4) (297 SE2d 329) (1982).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 11, 1986.

*Richard D. Phillips*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney*, for appellee.