Kevin McCormick, Springfield, Va., for defendants.

Tim and Mary DUGGAN, Plaintiffs,

v.

INDEPENDENT MORTGAGE CORP.
and R. Douglas Trent, Defendants.

Civ. A. No. 87–0782–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 2, 1987.

## MEMORANDUM OPINION

ELLIS, District Judge.

This matter comes before the Court on defendant Independent Mortgage Corporation's motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons stated below, this Court grants defendant's motion and dismisses plaintiffs' complaint.

## I. BACKGROUND

In April 1987, the plaintiffs, Tim and Mary Duggan, entered into a contract for the purchase of real estate located in Fairfax County, Virginia. They applied for a first mortgage loan in the amount of $144,000 through defendant Trent, executive vice-president of defendant Independent Mortgage Corporation (IMC), a mortgage broker located in Sterling, Virginia.

Mr. Trent allegedly assured the Duggans that they could "lock in" the prevailing 8.625% interest rate by paying a lock in fee of one-half of one percent of the mortgage amount, or $772. The Duggans paid this amount by check. As settlement day approached, the Duggans found that no rate had been locked in on their behalf. The Duggans assert that they were unable to qualify for a new mortgage with IMC at the then prevailing rate and were forced to seek more costly financing elsewhere.

The plaintiffs then brought this action against IMC and Trent, asserting that defendants:

(1) violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(b);

(2) violated the Virginia Consumer Protection Act; and

(3) breached their contract with plaintiffs.

The question presented is whether the complaint states a federal question cause of action on which relief can be granted. If not, the pendent state claims will fall for lack of jurisdictional support.[1]

Plaintiffs assert that this Court has federal question jurisdiction over claim (1) under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, et seq., and invoke this Court's pendent jurisdiction over claims (2) and (3).

Defendant IMC asserts jurisdiction is lacking because § 2607(b) does not apply to defendant's alleged conduct and thus fails to state a claim upon which relief may be granted. The issue before the Court, then, is whether the failure to lock in an interest rate after accepting payment for that purpose states an offense within the meaning of 12 U.S.C. § 2607(b).

## II. ANALYSIS

Title 12 U.S.C. § 2607(b) provides that: No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

Plaintiffs assert that defendants, by accepting money for the service of locking in a rate and then failing to provide that service, violated § 2607(b). In support of their contention, plaintiffs cite *Mercado v. Calumet Federal Savings & Loan Association*, 763 F.2d 269 (7th Cir.1985). Interestingly, defendant IMC also cites *Mercado* as being dispositive of the issue. Thus, a close examination of the case is warranted.

In *Mercado*, plaintiff Catherine Mercado bought a house with funds lent by defendant bank. According to her complaint, she told the bank that her son would live in the house and make the mortgage payments. All went well for a number of years until the bank noticed the house was insured in the son's name. The bank asked that Mercado transfer formal ownership to her son. When plaintiff gave the bank the documents of sale, the bank declared the loan in default because it had not given plaintiff approval to sell. The bank accelerated the loan and demanded either immediate payment or a refinancing of the mortgage at a higher rate. Plaintiff asserted that the acceleration and refinancing were a violation of § 2607(b) because the refinancing, new charges, and closing costs were "real estate settlement services" and that the bank sought "new compensation without new services actually performed." *Id.* at 270.

The district court dismissed the suit for failure to state a claim upon which relief may be granted. The Seventh Circuit affirmed, stating that § 2607(b) was an anti-kickback statute intended to prohibit kickback and referral fee arrangements in the real estate settlement business and that the banks' demanding additional fees on the refinancing did not fall within the scope of the statute. The court stated that the statute "requires at least two parties to share fees," and that while the bank might have been wrong in believing that plaintiff committed a default, the "bank's error, if any, (did) not create the 'other person' and the 'portion, split, a percentage' of which the statute speaks." *Id.* at 271.

The *Mercado* court distinguished *United States v. Gannon*, 684 F.2d 433 (7th Cir. 1981), where it had previously held that a *single individual* can violate § 2607(b). The *Mercado* court stated that "some language in *Gannon*, taken out of context, might suggest ... that any payment in excess of the value of services rendered is an abusive practice, the equivalent of splitting fees and equally to be condemned." *Id.* at 271. Yet *Gannon* concerned an arrangement where an individual, in his official capacity, received a "charge" for the rendering of a settlement service, remitted the appropriate fee to the county, and kept the rest for himself. *Gannon*, 684 F.2d at 438. Thus, the two parties were the individual in his official capacity and the individual in his personal capacity (i.e., "kicking-back" to himself). The *Mercado* court

---

**1.** See *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

thus distinguished *Gannon* in holding that § 2607(b) did not apply where payment may be in excess of the value of the services rendered. *Mercado,* 763 F.2d at 271.

Here, plaintiffs assert that the mortgage company received money for something it failed to do. As in *Mercado,* there is no third party present. Nor is there any allegation that brings this case within the ambit of *Gannon.* Rather, this is a simple case of a mortgage company receiving money through its agent and employee and then failing, for some reason, to lock in the interest rate. It is, in short, a garden variety breach of contract dispute. The intent of § 2607(b) is to prohibit kickback and referral fee arrangements, "not to convert every violation of a loan agreement into a violation of the Real Estate Settlement Procedures Act." *Mercado,* 763 F.2d at 272. For these reasons, this Court grants defendant's motion and dismisses the cause of action based on 12 U.S.C. § 2607. The dismissal of the federal question count means that the pendent state claims must also fall, although in this case, without prejudice. Plaintiffs are, of course, free to pursue these claims against these defendants in an appropriate state forum.

It must be noted that only defendant IMC responded to plaintiffs' complaint. Plaintiffs seek a default judgment with respect to defendant Trent. But this relief is inappropriate given this Court's conclusion that the complaint's federal question count fails to state a claim upon which relief can be granted. *Cf. Kearney v. New York State Legislature,* 103 F.R.D. 625 (E.D.N.Y.1984) (failure to answer a complaint does not entitle plaintiff to default judgment where court lacks personal jurisdiction). It is neither sensible nor fair to grant default relief on a defective claim. To hold otherwise would have the ludicrous result of placing the court's seal of approval on a defective claim. Thus, plaintiffs' motion for entry of default judgment must be denied.